IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 4:13CR3145 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| ROBERTO SANCHEZ QUIROZ, | |
| Defendant. | |

The defendant has moved for an order directing the government to: 1) disclose the identity of any confidential informants for this case; 2) make the confidential informant available for interviews as requested by defense counsel, and 3) for each of informant identified, disclose:

- the informant's prior criminal history, misconduct or bad acts;

- any consideration or promises extended to the informant or threats or coercion directed against the informant to secure his or her cooperation;

- each occasion the informant has provided testimony;

- all records and information that could be used to impeach or undermine the informant's testimony; and

- the names and criminal numbers of any case in which the informant was an informant or defendant.

In the alternative, the defendant asks the court to examine each informant, *in camera,* and/or with defense counsel present, to determine if the informant must be disclosed. ([Filing No. 25](#)).

The government opposes the defendant's motion. The government explains that the defendant is charged with possession with intent to distribute 100 grams or more of heroin, and the arrest was based on quantities of cocaine found in the apartment when a search warrant was executed, along with the defendant's post-arrest admissions. The government

states all documentation of the searches and statements was provided to defense counsel, and as such, the identity of any person who may have provided a "tip" that the defendant possessed heroin is not material to the government's case or any defense.

The defendant bears the burden of showing that his need for disclosure of the identity of a confidential informant outweighs the government's privilege to withhold the informant's identity. *United States v. Lapsley*, 263 F.3d 839, 841 (8th Cir. 2001). The defendant can satisfy this burden by showing that disclosure is relevant and helpful to his defense, material, or essential to a fair trial. The government's privilege to withhold from disclosure the identity of confidential informant is not absolute. "Where the disclosure of an informer's identity, or of the contents of his [or her] communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Lapsley*, 263 F.3d at 841 (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)).

In balancing the government's interest in confidentiality and the defendant's need for disclosure, the court considers the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Roviaro*, 353 U.S. 53, 60-61 (1957). Where the witness was an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense. *Carpenter*, 257 F.3d at 779 (internal citations and quotations omitted). But the government is not required to disclose informants "who merely convey information to the government but neither witness nor participate in the offense." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991).

Based on the information before the court, the defendant has failed to show that any government informant witnessed or actively participated in the transactions underlying the crime charged. At most, any informant in this case provided a "tip" that the defendant possessed heroin. Moreover, the government will not, and for the possession crime charged,

need not call any informant as a witness at trial. The government will instead rely on the property found in the defendant's apartment and his statements.

The defendant has failed to make a threshold showing that any informant in this case possesses information material to the claims and defenses to be raised at trial. For similar reasons, the court rejects the defendant's request for an *in camera* or *ex parte* examination of any informants. Courts have "the inherent power to hold an *in camera* proceeding where the circumstance warrants," (*United States v. Grisham*, 748 F.2d 460, 465 (8th Cir. 1984)), but there is nothing before me indicating such a hearing is warranted in this case. The defendant's motion for disclosure rests on sheer speculation, which is not sufficient to prompt disclosure, an *in camera* examination, or a hearing on the motion.

IT IS ORDERED:

1) The defendant's motion to disclose any confidential informants, and any additional *Brady* materials related to those informants, (Filing No. 25), is denied.

2) This case remains scheduled for trial beginning on February 10, 2014.

February 4, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.